Richardson, J.
dissenting. I object to a new trial of this action to recover the price of the negro, when it has been already paid. It is unjust, and the verdict for the defendant may be well supported both by law and equity. First, because the jury had evidence, from the declaration of both the plaintiff and his father, that he, the plaintiff, was of full age when the negro was sold to the defendant by the plaintiff and his father, for a full price paid; and because it is probable the jury gave the verdict on that ground, inasmuch as the fraud of the plaintiff was decided at the trial not to constitute a legal defence. Judicially speaking, the jury must have decided upon the ground of lawful age; and that is sufficient to support so just a ■verdict. I object, secondly, because the fraud of the plaintiff was perpetrated when the plaintiff was, in any view, of *170 mature age — he was scarcely under, if not over, twenty-one years of age. And his wilful fraud upon the defendant was committed in order to induce him to buy the negro. And in that case, the law is, that where one man induces another, by a wilful misrepresentation, to enter into a contract, the fraudulent party cannot plead that his own perversion of the truth was itself false, in order to set aside the contract, thus induced by his own misconduct. He is estopped in law. It is like a man who represents a woman to be his wife, and thereby gives her a credit, upon his own responsibility. Such a man cannot get rid of his own liability, by proving, although the very truth, that she was not his wife — he is estopped by his own fraud. And any man of mature age, (doli capaz) although something short of twenty-one years, is, in like manner, estopped by his own fraud — nominal, infancy cannot save him. As it has been expressed, “ the shield of legal infancy” must not be thus converted into a sword, to wound mankind at pleasure, and without responsibility. The fraudulent party must abide by his own election to cozen, and bear its recoil upon himself. In such a case, the questions are, was there a wilful fraud ? Was the supposed infant intellectually capable of the fraud? Did it induce the contract, without the fault of the opposite party? But in any view of this rule of preventive law, it confirms the ground of fact just taken, by affirming the verdict to be just — and this is a strict judicial view recognized again and again. The admission that the defendant might recover in equity, yields the question, because fraud is as cognizable at law as in equity, where there is no discovery required. In such a case, equity could relieve, only on the ground that the infant was divested of his privilege by his own moral fraud. Again, it has been argued that the defendant may recover the money back, when he shall have paid it twice. If so, the recovery by the plaintiff would not be res judicata, which means not to be opened to a second investigation; and the defendant would make for himself a new trial, which cannot be, in virtue of the same doctrine of res ad-judicata. But this supposition again yields the question : For if he can recover back, it must be on the ground of *171 the fraud, which he now sets up as a defence. And if it cannot be good for a defence, a fortiori, it cannot be available for an action. It would be trifling with legal justice, to say, the defendant must be first made to pay, in order that he may be qualified to recover back the same money. Upon such inconsistency in law, see Judge Harper’s conclusive reasoning, in the case of Guphill vs. Is-bel, 2 Bail. 353. Once admit such action lay, now is the only time for justice, that is, before the money is taken from defendant; and the jury having said so, by their instinct of right judgment, I would not dissent from the verdict, upon so bare and technical and unrighteous an infancy. I would suppose any thing, says Lord Mansfield, after the verdict, in order to support justice against a hard action. But in the case before us, we have only to take the word of the father, with that of the plaintiff, for the fact of his full age, and to uphold the verdict — because it arrests the fraud, stops a hard action, and saves circuity. And thus fulfils the very end of law, moral equity. And the verdict does this upon sufficient evidence, which makes it legal, judicial and perfect.
ButleR, J. absent.